IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ANTHONY TUBBS AND DEBORAH TUBBS** § | |
| **Plaintiffs** § | |
| § | **Civil Action No. 4:18-CV-2518** |
| **v.** § | |
| § | |
| **CITY OF BAYTOWN,** § | |
| **BAYTOWN POLICE DEPARTMENT,** § | |
| **KEITH DOUGHERTY, Individually** § | |
| **And In His Official Capacity As** § | |
| **Police Chief, CITY OF BAYTOWN,** § | |
| **DEPARTMENT OF PUBLIC SAFETY (DPS),** § | |
| **HARRIS COUNTY SHERIFF'S DEPT.,** § | |
| **ED GONZALES In His Official Capacity** § | |
| **As Harris County Sheriff, Officer John Doe** § | |
| **And Others known[1] & Unknown** § | |
| **Defendants** § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW, Anthony Tubbs and Deborah Tubbs and complains of the City of Baytown, Baytown Police Department ("BPD"), Keith Dougherty, individually and in his official capacity as police chief of the City of Baytown, Harris County Sheriff's Department, Ed Gonzales in his official capacity as Harris County Sheriff and Others known and Unknown, ("Defendants") and would respectfully show as follows:

---

[1] Brad Turner, Scott Vice, Brian Griffin, Bill Nelson, Dallas Bish and SA Verdeja are the names of officers known to be involved in Plaintiffs' house raid and arrests and are being sued in their individual capacities.

## A. Introduction

This is an action for violations of Plaintiffs' constitutional rights to be free from unlawful searches and seizures. Plaintiffs seek damages as provided by law because Defendants' agents used force to wrongfully enter Plaintiffs' home and destroyed Plaintiffs' possessions at the residence, arrested, and took Plaintiffs into custody without probable cause.

Defendant Officers and/or other unnamed Baytown Police Department employees initiated the arrests of Plaintiffs, search, and destruction of their home without justification. Plaintiffs were innocent of any illegal activity. Defendants did not have probable cause to initiate the arrests and imprisonment of Plaintiffs. Defendants and/or other Baytown Police Department employees acted with malice. Plaintiffs suffered economic and emotional damages as a result of the Defendants' conduct.

## B. Parties

1. Plaintiffs, **Anthony Tubbs and Deborah Tubbs** are individuals, and citizens of the State of Texas.

2. Defendant, the **City of Baytown**, is a municipal entity and may be served by delivering a copy of the summons and complaint to the city clerk/secretary, Ms. Leticia Brysch at Baytown City Hall, 2401 Market Street, Baytown, Texas 77520. Defendant has been served and filed a response.

3.  Defendant, **Baytown Police Department**, is a governmental; law enforcement agency located in the State of Texas and may be served by delivering a copy of the summons and complaint to the Baytown City Attorney, Ignacio Ramirez, Sr. at 3200 N. Main St., Baytown, Texas 77521.  Defendant has been served and filed a response.

4.  Defendant, **Keith Dougherty**, individually and in his official capacity as Police Chief, City of Baytown, may be served personally by delivering a copy of the summons and complaint to Keith Dougherty or his authorized agent at 3200 N. Main St., Baytown, Texas 77521.  Defendant has been served and filed a response.

5.  Defendant, **Department of Public Safety (DPS),** is a law enforcement agency located in the State of Texas and may be served by delivering a copy of the summons and complaint to The Attorney General of Texas, Ken Paxton, or an authorized agent at 300 W. 15th Street, Austin, Texas 78701.  Defendant has been served and filed a response.

6.  Defendant, **Harris County Sheriff's Department**, is a law enforcement agency located in the State of Texas and may be served by delivering a copy of the summons and complaint to Ed Gonzales, Harris County Sheriff or its agent at 1200 Baker Street, Houston, Texas 77002.  Defendant has been served and filed a response.

7.      Defendant, **Ed Gonzales** in his official capacity as Harris County Sheriff, may be served personally by delivering a copy of the summons and complaint to Ed Gonzales at 1200 Baker Street, Houston, Texas 77002 or by serving Defendant's agent at 1200 Baker Street, Houston, Texas 77002.  Defendant has been served and filed a response.

8.      Defendant, **Brad Turner** may be served at his place of employment, 3200 N. Main St., Baytown, Texas 77521.

9.      Defendant, **Scott Vice** may be served at his place of employment, 3200 N. Main St., Baytown, Texas 77521.

10.     Defendant, **Brian Griffin** may be served at his place of employment, 3200 N. Main St., Baytown, Texas 77521.

11.     Defendant, **Bill Nelson** may be served at his place of employment, 3200 N. Main St., Baytown, Texas 77521.

12.     Defendant, **Dallas Bish** may be served at his place of employment, 3200 N. Main St., Baytown, Texas 77521.

13.     Defendant, **SA Verdeja** may be served at his place of employment, 3200 N. Main St., Baytown, Texas 77521.

## C. Jurisdiction

14. The Court has jurisdiction over the lawsuit according to 28 U.S.C. §1331 and 42 U.S.C. §1983. The subject matter is within the jurisdiction of this Court and the damages sought are within the jurisdictional limits of this Court.

15. Further, The Court has jurisdiction over all claims based on Fourth and Fourteenth Amendments to the United States Constitution, federal civil rights law pursuant to 42 U.S.C. 1998, federal statutes and state law.

16. The amount in controversy exceeds $250,000.00. Plaintiffs seek relief in an amount and of a character within the jurisdictional limits of this Court.

## D. Conditions Precedent

17. Plaintiffs timely presented this claim in writing to Defendants, City of Baytown, et al.

## E. Facts

18. This is an action for money damages against Defendants named above, for violations of the Fourth and Fourteenth Amendments to the United States Constitution, federal civil rights pursuant to 42 U.S.C. §§1983 and 1988, and Texas statutes and common law.

19. On or about July 21, 2016, officers of Baytown Police Department and its SWAT team, in conjunction with others, including Texas DPS officers, Deputies from the Harris County Sheriff's department and others unknown, unlawfully entered

Plaintiffs' home located at 2703 Waco St., Baytown, Texas 77521 and carried out an illegal search of Plaintiffs' home and seizure of their persons. The Baytown SWAT team used an explosive device which blew out all of the windows of Plaintiff's home and portions of his house were gutted. During the process, the officers arrested Plaintiffs, destroyed Plaintiffs' place of abode, ransacked everything inside the home, seized and removed several items worth in excess of $10,000.00, and left the home in a deplorable state. In addition, Plaintiffs, after being arrested were taken into custody.

20. After Plaintiffs were arrested, they were made to lie down on the ground for an extended period of time. Then Plaintiffs were taken into custody and questioned by a plain clothes officer who did not identify himself.

21. When Plaintiffs returned home they found the entry door to the home wide open. The home was ransacked, several household items damaged, and they also discovered numerous personal items of value missing. Defendants were also negligent in failing to secure Plaintiffs' home after leaving the scene.

22. The officers at Baytown Police Department made an inventory of the items seized. None of the items were returned to Plaintiffs. Also, Plaintiffs documented the items that they did not find upon returning to their home after being released.

23. Officers involved in the operation and each of them, misrepresented facts in an effort to justify Plaintiffs' arrests, detention and the search of their home. Defendants violated Plaintiffs' Fourth Amendment Right to be free from searches and seizures without probable cause.

24. Plaintiff's civil rights were violated. The officers and each of them acted under color of law when they unlawfully arrested Plaintiffs, and deprived them of their freedom, and unlawfully searched their home and destroyed several items.

25. Plaintiffs experienced mental anguish and emotional distress. Apart from the humiliation, and damage to their reputation, Plaintiff Deborah Tubbs endured sleepless nights constantly for several months and still battles with depression and emotional distress. Plaintiff experienced headaches and lack of focus, could not concentrate during the day and experienced headaches day and night. Plaintiff's feared being shot and killed in her innocence. Plaintiff silently shed tears sometimes in the daytime and more often at nights.

26. Plaintiff Anthony Tubbs experienced physical pain in his left shoulder for weeks after being 'man-handled' by law enforcement officers. Plaintiff Anthony Tubbs also experienced many sleepless nights, felt humiliated, was ashamed to interact with neighbors because he believed everyone viewed him as a criminal and drug dealer. Defendants' conduct casted Plaintiffs in false light.

27. Plaintiffs reasonably believe that actions taken against them are symptomatic of a much larger scale problem in the Baytown Police Department, at a minimum in failure to oversee and/or train Officers and to ensure that they do not violate the constitutional rights of citizens.

28. Several cases and claims have been made against Defendant Officers on their actions and/or Baytown Police Department/City of Baytown's actions and inactions.

Defendants' actions have cost Plaintiffs thousands of dollars. Plaintiffs plead unlawful search and seizure under the Fourth Amendment to the United States Constitution.

29. Plaintiffs have endured much pain and suffering, mental anguish and emotional distress.

### F. Damages

30. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs Anthony Tubbs and Deborah Tubbs have suffered the following damages:

    a. Unlawful arrests;

    b. Unlawful detention;

    c. Mental anguish;

    d. Harm to reputation;

    e. Infliction of emotional distress, the mental shock experienced and the stigma associated with having been taken into custody;

      f.      Intentional infliction of emotional distress;

      g.      Physical pain and suffering, and mental anguish in the past;

      h.      Physical pain and mental anguish that in reasonable probability, Plaintiffs will suffer in the future;

      i.      economic damages;

      j.      property damages.

Plaintiffs seek compensatory, aggravated, and punitive damages.

## G. Negligence

31.    The action taken by law enforcement officers was without probable cause.  Acting under color of state law, Defendant Officers intentionally, unlawfully and unconstitutionally searched their home.  Plaintiffs had no contraband in their home.  Likewise, acting under color of state law but without probable cause and in violation of the Fourth Amendment to the United States Constitution, Defendants and each of them intentionally and unlawfully seized Plaintiffs, handcuffed and transported them into custody where they were illegally detained.

32.    Defendants Brad Turner, Scott Vice, Brian Griffin, Bill Nelson, Dallas Bish and SA Verdeja are being sued in their individual capacities.  At the times of the actions complained of in this suit, Defendant Officers and each of them were employees of Baytown Police Department who acted within the course and scope of their employment, and were acting pursuant to policy or the custom and practice of BPD under color of law.  Defendants are employees of the City who acted within the

course and scope of their employment, and were acting pursuant to either policy or custom and practice of Defendant City of Baytown.

33. All named Defendants acted intentionally and under color of law and are liable to Plaintiffs.

### H. Municipal Liability

34. Defendant officers intentionally arrested Plaintiffs despite knowing that they did not have probable cause. Their conduct was extreme and outrageous and Plaintiffs reasonably believed that their conduct has been repeated several times. Defendants' conduct caused Plaintiffs emotional distress. Plaintiffs' emotional distress was severe.

35. Defendant Keith Dougherty, as Chief of Police is responsible for the day-to-day supervision of the officers within the police department. Some of these officers and the chief were previously sued for conduct identical or similar to those of which Plaintiffs complain, in that they violated the civil rights or constitutional rights of citizens.

36. This conduct of which Plaintiffs complain is not limited to one single officer. It is believed that approximately ten (10) officers of varying ranks and years of experience were present and none of them intervened to stop the unlawful conduct experienced by Plaintiffs. The Defendant officers, followed a pattern and practice which was customary and endorsed by the Chief of Police and the City of Baytown

37. Plaintiffs' constitutional rights were violated when the agents and officers of Defendant City of Baytown choose to illegally arrest them and search their property.

38. Law enforcement officers who engage in unlawful arrests, search and seizure suggest that the City and its police chief failed to administer or institute a hiring, and training policy that ensures respect for the rights of citizens. They allowed a policy which embraced negligence in hiring, training and supervision. The City of Baytown is liable to Plaintiffs for failing to properly supervise and/or train its officers who conducted the illegal arrests, search, and seizure.

39. Defendant Officers were agents and employees who were acting within the course and scope of their office or employment and acted under the color of law and all the law enforcement officers worked in conjunction with officers of the City of Baytown.

40. Despite the prior suits or claims made, the Police Chief, and the City of Baytown failed to ensure that the City institute a policy or take corrective measures. The police chief nor the city, did not adopt any policy or procedures to discipline any officers who participated in conduct which violated the law or constitutional rights of citizens.

41. Plaintiffs incorporate the facts pled in all the previous paragraphs and allege violations of custom, policy, failure to train and/or supervise. "[M]unicipalities

and other local government units ... [are] among those person to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *see also Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Municipal government officials are also persons for purposes other of § 1983. Plaintiffs reasonably believe that the Baytown Police Department and the City of Baytown were aware of Defendants' unlawful practices and/or other officers' unconstitutional types of actions months before the actions that are the subject of this suit. Plaintiffs allege custom, policy and/or failure to train or supervise by Baytown Police Department and/or the City of Baytown allowed for these types of unconstitutional police actions and specifically the violations perpetrated against Plaintiffs.

## I. ATTORNEY FEES AND COSTS

42. Defendants' unlawful conduct has necessitated the services of the undersigned, and therefore, Plaintiffs seek attorney fees in this case.

Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, Plaintiffs assert the right to an award of attorney's fees and costs under its U.S.C. § 1983 pleadings.

## J. JURY DEMAND

43. Plaintiffs request a trial by jury and have tendered the jury fee.

## **K. Prayer**

44.     WHEREFORE, Plaintiffs pray that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have:

    a.    Compensatory damages, special damage and exemplary damages;

    b.    Expenses and costs of court;

    c.    Reasonable attorney fees for trial and appeal;

    d.    Pre-judgment and Post-judgment interest at the highest rate allowed by law from the date of judgment until paid; and

    e.    All further relief the court deems appropriate.

Respectfully submitted,

/s/ Kurt G. Clarke
By:_____
Kurt G. Clarke
FED. ADM ID 9917
SBN: 04316720
6200 Savoy Dr., Suite 458
Houston, Texas  77036
Tel:  (713)779-5500
Fax: (713)779-6668
E-mail: kgclaw@aol.com
Attorney for Plaintiffs